UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF TEXAS
DALLAS DIVISION

| | | |
|---|---|---|
| ANTONIO CARBAJAL PICHARDO and MARIA RODRIGUEZ NAVA, | § | |
| *Plaintiffs*, | § | |
| v. | § | |
| JOSEPH B. EDLOW, in his official capacity as Director of U.S. Citizenship and Immigration Services, and MICHELLE R. MONTGOMERY, in her official capacity as District Director of the Dallas Field Office of USCIS, | § | Civil Action No. 3:26-CV-3463-X |
| *Defendants*. | § | |

**MEMORANDUM OPINION AND ORDER**

In this immigration case, the plaintiffs seek a writ of mandamus to compel the defendants to adjudicate each plaintiff's pending I-485 application to Register Permanent Residence or Adjust Status as well as I-130 Petitions for Alien Relative. The plaintiffs contend that the defendants have failed to adjudicate their I-485 and I-130 applications within a reasonable time and request this Court's intervention under the Administrative Procedure Act (APA)[1] and the Mandamus Act.[2]

The plaintiffs acknowledge that Fifth Circuit caselaw recognizes a lack of jurisdiction over their I-485 application challenges and preserves the argument to attempt to change this caselaw. The Court agrees that, because the I-485 application

---

[1] 5 U.S.C. § 706(1).

[2] 28 U.S.C. § 1361.

process confers discretion on the relevant federal agencies, the Immigration and Naturalization Act (INA) strips this Court of jurisdiction for such challenges, as the Fifth Circuit has recognized.[3]

But the plaintiffs also challenge the government's handling of their I-130 applications. Unlike I-485 applications, the INA confers no discretion to the government on adjudicating I-130 applications.[4]

Accordingly, the Court dismisses without prejudice for lack of subject matter jurisdiction the plaintiffs' APA and mandamus challenges to their I-485 applications and retains jurisdiction over their challenges to their I-130 applications.

**IT IS SO ORDERED** this 6th day of October, 2026.

BRANTLEY STARR
UNITED STATES DISTRICT JUDGE

---

[3] *Bian v. Clinton*, 605 F.3d 249, 253–55 (5th Cir. 2010) (finding no jurisdiction for APA or mandamus challenge to I-485 application challenge), *vacated on mootness grounds*, Nos. 09-10568 & 09-10742, 2010 WL 3633770 (Sept. 16, 2010)); *Cheejati v. Blinken*, 106 F.4th 388, 395 (5th Cir. 2024) ("Although *Bian* was later vacated because a visa number became available to the petitioner and the case was rendered moot, we find its reasoning persuasive.").

[4] 8 U.S.C. § 1154(b) ("After an investigation of the facts in each case, and after consultation with the Secretary of Labor . . . the Attorney General shall, if he determines that the facts stated in the petition are true. . .").